**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PARAGON ADVANCED TECHNOLOGIES, INC. and PARAGON 28, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ECKELS,<br><br>Defendant. | Civil Action No. 23-3238 (GC) (RLS)<br><br>**MEMORANDUM ORDER GRANTING LEAVE TO AMEND** |

**PRESENTLY** before the Court is a Motion by Plaintiffs Paragon Advanced Technologies, Inc. and Paragon 28, Inc. (collectively, "Plaintiffs") for Leave to File a First Amended Complaint, which would add new facts uncovered through discovery and assert new causes of action for unfair competition, unjust enrichment, and violation of New Jersey's Computer Related Offenses Act (the "Motion"). (Doc. No. 77). Defendant Patrick Eckels ("Defendant") does not oppose the Motion but reserves his rights as to the merits of the allegations. (*See* Doc. No. 77-1 at p. 11). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the following reasons, the Court GRANTS the Motion.

This action arises out Plaintiffs' claims that Defendant took Plaintiffs' trade secrets and confidential material when he left their employ and shared such material with Plaintiffs' competitor, restor3d, Inc. Plaintiffs now claim that, through discovery, they have learned of additional facts and causes of action which they now seek to include in their proposed First Amended Complaint. (*See* Doc. No. 77-1 at pp. 8-9). Following meet and confers with counsel for Defendant, Plaintiffs filed the instant Motion.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court "should freely [grant] leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, No. 15-cv-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

If a party seeks to amend its pleading after the deadline set in the Court's scheduling order, the movant must satisfy the good cause standard pursuant to Rule 16 of the Federal Rules of Civil Procedure before the Court considers whether the movant meets the standards for amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 16(b)(4); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."). To establish good cause, the movant must show due diligence. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Considering the procedural history of this matter, the Motion, and the proposed pleading, the Court finds good cause to grant leave to amend pursuant to Rules 15 and 16 of the Federal

Rules of Civil Procedure. On this record, there is no basis on which the Court may find Plaintiffs engaged in "bad faith, dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiencies by amendments previously allowed" or that the proposed amendments would be futile. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). In addition, although Plaintiffs' Motion is brought outside of the original deadline set in the Court's Pretrial Scheduling Order for any motions for leave to amend, (*see* Doc. No. 55), Plaintiffs have sufficiently justified the timing of the Motion. *See Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (recognizing that due diligence can be met if the "delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order").

Accordingly, having fully considered the Motion, and for the reasons set forth above, and for good cause having been shown,

**IT IS**, **THEREFORE**, on this **12th** day of **June 2024** hereby

**ORDERED** that Plaintiffs' Motion for Leave to File a First Amended Complaint (Doc. No. 77) is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file their First Amended Complaint by no later than **June 17, 2024**; and it is further

**ORDERED** that Defendant shall file a response to the First Amended Complaint **within fourteen (14) days** of the filing of the First Amended Complaint; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry No. 77.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**